UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00043-GNS

WILLIAM LAMB     PLAINTIFF

v.

VAUGHN WALLACE, et al.     DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 8, 9). For the reasons stated below, the Court **GRANTS** both motions.

### I.     BACKGROUND

This action arises from alleged violations of the constitutional rights of Plaintiff William Lamb ("Lamb") stemming from charges in the Warren County District Court. (Def.'s Mem. in Supp. of Mot. to Dismiss 1-2, DN 9-1). Specifically, Lamb faces charges for driving without a license, driving without car insurance, menacing, and resisting arrest, all of which are still pending. *Commonwealth v. Lamb*, No. 14-M-03067 (Warren Cty. Dist. Ct. filed Oct. 7, 2014). Lamb's claims are unclear, but the Court interprets his Complaint to allege claims of malicious prosecution and a violation of his constitutional rights due to the Defendants allegedly tampering with his witnesses and misconstruing facts during a suppression hearing. (Compl. 3, DN 1).

### II.     STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### III.   DISCUSSION

Lamb alleges that multiple parties associated with the present legal proceedings against him violated his constitutional rights. (Compl. 1). Most of these allegations are based on vaguely stated conduct associated with routine stages of criminal proceedings in Warren County District Court. (Compl. 1-6). The Court finds that *all* of the foregoing parties are immune from suit.

First, Plaintiffs' claims against Judge Brown are barred by the Eleventh Amendment of the U.S. Constitution because a judge cannot be sued in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Judge Brown would still be entitled to immunity even to the extent Lamb has alleged that he acted outside of his official duties. *See Mireles v. Waco*, 502 U.S. 9, 13 (1991) (per curiam). Lamb can only overcome immunity if Judge Brown's actions were non-judicial; or his actions were judicial but

were taken without jurisdiction. *See id*. Even if Lamb plead sufficient facts to indicate bad faith or malice was plausible— which he has not—Judge Brown would *still* be entitled to immunity. *See id.* at 11 (indicating even establishing corruption, bad faith, and malice is insufficient to overcome judicial immunity). Therefore, Lamb's claims against Judge Brown will be dismissed.

Next, the Court considers the immunity of prosecutor Vaughn Wallace and an unnamed assistant county attorney. State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1443-44 (6th Cir. 1997). A "functional approach" is employed to determine whether a prosecutor is acting within the scope of his duties as a prosecutor or if he is merely giving legal advice or investigating. *See Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Prosecutors exercising their duties must be given immunity in the professional evaluation of the evidence and appropriate preparation for its presentation in court. *See Buckley*, 509 U.S. at 273. All actions taken by Wallace were done in the context of his normal duties as a prosecutor and are therefore immune. *See Cady v. Arenac Cty.*, 574 F.3d 334, 339-43 (6th Cir. 2009) (citation omitted). Even if Lamb established illegal or unethical conduct by Wallace—which he has not—Wallace would *still* be entitled to absolute immunity. *See id*. (citation omitted). Similarly, this same analysis applies to the unnamed party. Therefore, Wallace and the unnamed party are entitled to immunity.

The Court next considers the liability of the Warren County Attorney's Office. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). As such, Section 1983 has two requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person

acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint*, 270 F.3d at 351. A state and its agencies, however, are not "persons" subject to suit under Section 1983. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Warren County Commonwealth Attorney's Office is not a "person" under Section 1983. *See York v. Warren Cty. Commonwealth Attorney's Office*, No. 1:08CV-P16-R, 2008 WL 339505, at *2 (W.D. Ky. Feb. 6, 2008). Therefore, the Court will dismiss the claims against it for failure to state a claim upon which relief may be granted.

In addition, the Eleventh Amendment acts as a bar to all claims for relief against the Warren County Commonwealth Attorney's Office. *See id*. State agencies may not be sued in federal court, unless the state has waived its sovereign immunity or Congress has overridden that immunity. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). No such waiver of immunity exists in Kentucky. Therefore, the Eleventh Amendment protects the Warren County Attorney's Office from suit.

Lamb's claims are not entirely clear, but to the extent Lamb requests that this Court to overturn the state court's decision regarding the suppression hearing in his case, this request is barred by the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co*., 263 U.S. 413 (1923). Under this doctrine, federal courts are precluded from exercising jurisdiction over such claims. *See In re Singleton*, 230 B.R. 533, 536 (6th Cir. 1999) ("[F]ederal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment." (internal quotation marks omitted) (second and third alterations in original) (citation omitted)). *See also Pieper v. Am. Arbitration Ass'n, Inc*., 336 F.3d 458, 462 (6th Cir. 2003)

4

("[T]he *Rooker-Feldman* doctrine [] appl[ies] to interlocutory orders and to orders of lower state courts."); *Marshall v. Bowles*, No. Civ.A.3:05CV-280-S, 2005 WL 3454732, at *5 (W.D. Ky. Dec. 15, 2005) (granting a motion to dismiss in a child custody dispute based on the *Rooker-Feldman* doctrine).

Finally, the Complaint must be dismissed against all parties based upon the *Younger* abstention doctrine. "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "Three factors determine whether a federal court should abstain from interfering in a state court action." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). Those factors are: "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Id*. (citation omitted).

In this case, the Court must abstain pursuant to *Younger*. As to the first factor, the underlying case appears on-going. As to the second factor, the Sixth Circuit has recognized that criminal prosecution is an important state interest. *See Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003). Finally, Lamb may appeal a state court order or judgment including any issued by Judge Brown to the Kentucky Court of Appeals as a matter of right. *See* KRS 22A.020. All three factors weigh against the Court exercising jurisdiction in this matter. Therefore, the Court abstains to do so pursuant to the *Younger* doctrine.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 8, 9) are **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 12, 2016

cc: counsel of record
    Plaintiff, *pro se*