UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00043-GNS

WILLIAM LAMB     PLAINTIFF

v.

VAUGHN WALLACE, et al.     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider (DN 19) this Court's Memorandum Opinion and Order (DN 13) dismissing his claims. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff William Lamb ("Lamb") brings the present motion asking the Court to reconsider its Memorandum Opinion and Order issued on July 13, 2016. (Pl.'s Mot. Reconsider 1, DN 19). Lamb's underlying action against Warren County District Judge John Brown, Assistant Warren County Attorney Vaugh Wallace, unnamed Assistant Warren County Attorney Jane Doe, and the Warren County Attorney's Office ("Defendants") was construed by this Court as claims for malicious prosecution and violation of Lamb's constitutional rights for alleged witness tampering. (Mem. Op. & Order 1, DN 13). The merits of these claims were never reached because the claims were dismissed on various immunity and abstention doctrine grounds. (Mem. Op. & Order 2-6).

Lamb's present motion to reconsider contends that he "WAS UNAWARE AT THE TIME THIS CASE WAS GOING ON" that the trooper who arrested him "would not DISCUSS CASE WITH COUNTY ATTORNEY."[1] (Pl.'s Mot. Reconsider 1 (emphasis in original)). This Court

---

[1] Lamb's motion further notes that prosecutor Wallace took his witnesses to a "side room where he could talk to them about the case . . ." (Pl.'s Mot. Reconsider ). This contention merely repeats

1

will construe this argument as a motion for relief from a court order based on newly discovered evidence pursuant to Fed. R. Civ. P. 60(b).[2]

## II. DISCUSSION

Lamb's motion suffers from a variety of procedural and substantive defects. First, as an initial matter, Lamb mischaracterizes his own evidence. He alleges that the trooper who arrested him would not speak with the county attorney. (Pl.'s Mot. Reconsider 1). The notes that he introduced, however, clearly state that it was Lamb himself who would not speak with the county attorney. (Pl.'s Mot. Reconsider Ex. B, DN 19-1).

Second, Fed. R. Civ. P. 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ." Fed. R. Civ. P. 60(b)(2). In this case, there is no indication of how this evidence supports Lamb's claims in any way nor why this evidence could not have previously been discovered with reasonable diligence. Moreover, a claim based on new evidence must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This Court's Memorandum Opinion and Order was issued on July 13, 2016, and the present motion was not made until June 29, 2019—almost three years after the dismissal of Lamb's claims. As such, Lamb's motion is time-barred.

Third, even if, *arguendo*, this evidence was properly introduced and did in fact support the merits of Lamb's claims, it would still be immaterial. Lamb's claims were dismissed on immunity

---

Lamb's earlier claim, which this Court interpreted as alleged witness tampering and then dismissed. (Compl. 3, DN 1; Mem. Op. & Order 1, 6).
[2] Lamb's motion could also potentially be construed as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). A Rule 59(e) motion, however, must be filed within 28 days after the entry of judgment, so it would clearly be time-barred here. Fed. R. Civ. P. 59(e).

and abstention grounds, such that the merits of his claims were never reached by this Court. Any "new" evidence that bolsters his underlying claims would not change that analysis.

Fourth and finally, the Sixth Circuit has already reviewed and affirmed this Court's Order. *See Lamb v. Wallace*, No. 16-6253, 2017 WL 3597004 (6th Cir. 2017). Insofar as Lamb's new evidence does not impact that analysis—and it does not—this Court's Memorandum Opinion and Order has already been affirmed.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Lamb's Motion to Reconsider (DN 19) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 15, 2019

cc: counsel of record
William Lamb, *pro se*